IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MICHELLE EDWARDS, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>V.<br><br>**COACHES SPORTS BAR & GRILL HUMBLE, LLC**<br><br>Defendant. | **CIVIL ACTION NO. 4:15-CV-01811**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY OF SUIT**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip

credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice. Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management and the employer itself. The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

3. Defendant violated the FLSA by (a) requiring that its servers participate in a tip pool that requires a percentage of tips be shared with back of the house kitchen employees and other employees who are not eligible to receive tips, and (b) not correctly informing the wait staff of the tip credit it was using. As a result, Defendant loses its right to rely on the tip credit and must compensate the Plaintiff at the full minimum wage rate.

4. Defendant required and/or permitted the Plaintiffs to work as a tipped employees in bartending and server positions at its restaurant in excess of forty (40) hours per week, but refused to compensate her at the applicable overtime rates. Finally, as stated above, Plaintiff was required to divide her tips with Defendant and its back of the house kitchen employees. Therefore, Plaintiff is entitled to tips Defendant misappropriated.

5. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

6. Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), and requiring its tipped employees to share tips with kitchen employees, violates the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.

7.     Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former. Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.     Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

10.    Michelle Edwards ("Plaintiff") is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

11.    The Class Members are current and former servers employed by Defendant at any time three years prior to the filing of this lawsuit to the present.

12.    Coaches Sports Bar & Grill Humble, LLC ("Coaches" or Defendant) is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit.  This Defendant may be served process through its registered agent Richard Brandon Fallon at 14781 Memorial Dr., Suite 420, Houston, TX 77079 or wherever registered agent may be found.

## FLSA COVERAGE

13.    At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14.    At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

16. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

17. Defendant operates Coaches as a bar and grill restaurant during the day and a night club at night located at 5304 FM 1960 Road E., Humble, TX 77346.

18. Defendant employs servers to provide wait staff services to its restaurant patrons.

19. Plaintiff has been employed as a server at Defendant's restaurant from approximately June 2013 to April 2014, and from September 2014 to present.

20. Defendant pays its servers at an hourly rate below minimum wage plus tips. By paying Plaintiff and Class Members less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

21. Defendant violated the FLSA when it failed to notify each tipped employee about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendant's servers were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were. Furthermore, Defendant required Plaintiff and Class Members to share tips with its back of the house kitchen employees in violation of the FLSA's tip pool requirements.

22. Because Defendant violated the FLSA's tip credit notification and tip pool requirements, Defendant loses the right to take a credit toward its minimum wage obligations.

23. As such, the Plaintiff and servers were not compensated at the federally mandated minimum wage.

24. Furthermore, although the Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

25. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its tipped employees. Defendant's method of paying Plaintiff in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## FLSA OVERTIME VIOLATION

26. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

27. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

28. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## FLSA MINIMUM WAGE VIOLATION

29. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

30. Defendant's practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

31. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiff.

## **COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other servers at Defendant's restaurant. These employees have reported that they were subject to the same illegal pay practice described above. Such other employees have also expressed an interest in joining this lawsuit.

33. Other employees similarly situated to the Plaintiff work or have worked for Defendant's restaurant, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally-mandated minimum wage rate.

34. Defendant took a tip credit against its minimum wage obligations for the Plaintiff and Class Members. Defendant also required Plaintiff and Class Members to share tips with back of the house kitchen employees. Finally, Defendant failed to notify the Plaintiff and Class Members regarding the tip credit as required by the FLSA.

35. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

36. The Class Members perform or have performed the same or similar work as the Plaintiff.

37. Class Members regularly work or have worked in excess of forty hours during a workweek.

38. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

39. As such, Class Members are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

40. Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

41. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

42. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

43. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

44. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

45. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

46. Due to the inherent nature of Defendant's tip credit and tip pool policies, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

47. As such, the class of similarly situated Plaintiffs is properly defined as follows:

   **All current and former tipped employees employed by Defendant at any time three years prior to the filing of this lawsuit to the present.**

## DAMAGES SOUGHT

48. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

49. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

50. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

51. Plaintiff and Class Members are entitled to their misappropriated tips.

52. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

53. Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

54. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a) Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b) All unpaid wages at the FLSA mandated minimum wage rate;

   c) An equal amount as liquidated damages as allowed under the FLSA;

   d) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

   e) All misappropriated tips; and

f)  Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
9801 Westheimer Rd., Suite 302
Houston, Texas 77042
(713) 223-8855 Telephone
(713) 623-6399 Facsimile

**ATTORNEY FOR PLAINTIFF &
CLASS MEMBERS**